## Case No. 11,438.

PRITCHARD et al. v. The LADY HORATIA.

[Bee, 167.] [1]

District Court, D. South Carolina. 1800.

ADMIRALTY JURISDICTION—REPAIRS ORDERED BY AGENT OF OWNER.

The contract for repairs being made on land, and the owners being represented on the spot by a consignee who has funds, a plea to the jurisdiction of the court of admiralty must avail.

[Cited in The Jerusalem, Case No. 7,294; Phillips v. The Thomas Scattergood, Id. 11,106; Leland v. The Medora, Id. 8,237; Packard v. The Louisa, Id. 10,652; Cox v. Murray, Id. 3,304; New Jersey Steam Nav. Co. v. Merchants' Bank, 6 How. (47 U. S.) 391; Cunningham v. Hall, Case No. 3,481; Diefenthal v. Hamburg-Amerikanische Packetfahrt Actien-Gesellschaft, 46 Fed. 397.]

In admiralty.

BY THE COURT. This is a suit instituted against the schooner Lady Horatia for work done, and materials found by them as shipwrights. A plea, answer, and claim have been interposed by Wood, master of the schooner. As the plea goes to the jurisdiction of the court, and in bar to this suit, it is necessary to consider that in the first instance; because, if the plea is sustained, the suit must be dismissed without inquiry into the merits. Much time was unnecessarily taken up, in the production of arguments, that had no relation to the point before the court. I did not interrupt these arguments; but I shall not notice any that do not apply to the material point; that is, whether the court can sustain this suit. In support of the plea, it was contended, that this was a contract on land; and evidence was produced to prove it so. It was admitted, that this was a foreign vessel, and that her owners resided abroad; but it was proved that the consignee of the owners resided here,

[1] [Reported by Hon. Thomas Bee, District Judge.]

who had funds of the owners, arising from the sale of this cargo; that the captain, therefore, had no power to make any contract binding either on the owners or the vessel. That the contract for repairs was made with the consignee, and not with the captain; and that the former alone is liable. The law laid down in Hopkinson's from 179 to 190, was quoted; and the cases there referred to were relied on to shew that the plea to the jurisdiction must avail here. The advocates for the libellant contended that the shipwright had a lien on the vessel, and on the captain, and on them alone. That this was one of those cases of necessity that give jurisdiction to the court. That admitting the consignees to have monies belonging to the owners, they were not compellable to pay the present demand. That the shipwrights might elect whom they would credit, and make their charge accordingly. That they had done so, and chose to look to the vessel and captain, without reference to the consignee, whom they did not consider as liable, inasmuch as they had not bound him by a written agreement.

Three cases, decided in this court, were produced and relied on, viz.: North v. The Eagle [Case No. 10,309]; Williams v. The Polly [unreported]; O'Hara v. The Mary [Id. 10,467]. It was further contended that a lien was, in this case, established, and that, whenever this appears, the court will aid. That the lien is mutually beneficial to owner as well as shipwright. That the vessel is in the nature of a pledge; and that the shipwright may retain her, till his bill is paid. Many cases were produced to these points, two of which (Danvers, 270, and Cro. c. 296) were much relied on. In considering these cases, I shall first notice those formerly determined here. In North v. The Eagle it was stipulated, previously to their furnishing supplies, that the vessel only should be resorted to. None of the owners were known; and when it was afterwards discovered that there were thirty six of them, they all consented, except one, that the sale should take place, and applied to this court for its aid. In Williams v. The Polly, the shipwright had the vessel in his custody; the owner was dead; and if the administrator had got possession of the vessel, the property must have been distributed according to the statute. A failure of justice would have been the consequence; to prevent which this court interfered. The case of O'Hara v. The Mary is also distinguishable from this; for there, the party who, in Jamaica, had advanced money for necessary supplies, not only had a lien and an implied hypothecation, but would actually have libelled or attached the vessel in Jamaica, if the captain had not drawn a bill for the amount, and expressly engaged to make the vessel liable therefor. In reply to the other cases, I shall be satisfied with referring to the case of Shrewsbury v. The Two Friends [Case No. 12,819], before my

predecessor Judge Drayton, and to that of Boreal v. The Golden Rose [Id. 1,658], before me.

The law laid down in these, must govern the present case. Commerce would, indeed, receive a deadly blow, if it.should be established that the consignee is not to be looked upon as in the place of the owners. As to the question of lien, it is not now before me. All I shall decide, therefore, is that, this being a transaction on land; the vessel not being on a voyage, but unladen and the cargo sold; and the owners being represented, on the spot, by their consignee, who has in hand ample funds arising from the sale of this cargo; no such invincible necessity exists, as the laws of all commercial nations seem to require, in order to vest a jurisdiction in the court of admiralty. I do, therefore, adjudge and decree that the plea is relevant, and that the bill be dismissed with costs.

PRITCHARD (MEYER v.). See Case No. 9,-517.

PRITCHARD (STEVENS v.). See Case No. 13,407.

PRIZE CASES, (COSTS AND FEES IN.) See COSTS, FEES, AND COMPENSATION IN PRIZE CASES, Appendix.

END OF CASES IN BOOK 19.